PAWTUCKET INSTITUTION FOR SAVINGS *vs.* ANDREW ALMY.

A lessor demised a mill and certain machinery, of a value agreed upon, to his lessee ; the lessee was to put additional machinery into the mill, and at the expiration of the term all the machinery then in the mill was to be appraised and to become the property of the lessor. If the appraisal exceeded the agreed value of the demised machinery, the lessor was to pay the lessee the difference. If it fell short of such agreed value, the lessee was to pay the lessor this difference. This agreement was in the indenture of lease.

Pending the term, the lessee mortgaged the additional machinery which he had put into the mill. He then conveyed his equity of redemption to an assignee, who in turn assigned it to the mortgagee.

At the expiration of the term, the lessor claimed all the machinery, and the mortgagee brought trover for the machinery mortgaged and assigned.

*Held,* that the mere existence, without more, of the agreement in the indenture of lease was no defence to the action.

TROVER.   On demurrer to the replication.

The plaintiff in this case, by writ dated March 1, 1879, sued the defendant in trover, for converting certain machinery described in a schedule attached to the declaration, being all the machinery and "tools put by Bliss & Carpenter into the Pawtucket Planing Company's Mill."

The defendant pleaded *actio non*, because, as he alleged, he was one of the owners of said mill, and as such executed with his co-owners a lease of said mill to said Bliss & Carpenter for the term of ten-years, from and after February 1, 1867. This lease was an indenture, and in addition to the mill, conveyed to the lessees, and in the following words, " the steam-engine, boilers, shafting, machinery, and fixtures there being, mentioned in a schedule annexed to a former lease, a copy of which is hereunto attached, from these lessors to William R. Walker & Co., dated January 1, 1857, . . . the appraisal on which schedule is accepted by the parties hereto, the same at the date of this indenture as at the date of said former lease." The lease provided that at the close of the demised term of ten years " another appraisal shall be made of all the engines, boilers, machinery, and all other arti-

cles mentioned in said schedule which shall then remain and be on hand at said premises, and all others which have been or shall, by said lessees, be placed on said premises in addition thereto or instead of any portion thereof, and the deficiency in the amount of said appraisal less than the amount of the appraisal on the schedule aforesaid shall be paid by the lessees to the lessors, and any excess of the same shall be allowed by the lessors, by them paid to or settled for, with the lessees, and said articles so appraised shall become and remain the property of the lessors."

The plea after reciting the lease continued : " The appraisal so referred to in said lease, and accepted by said parties, amounted to the sum of $2,792 ; that after the execution of said lease said Bliss & Carpenter entered upon and took possession of said premises under said lease, together with said machinery and fixtures described and referred to in said lease, and so remained in possession thereof during the term of said lease, and afterwards, on, to wit, the 6th day of February, 1877, said lease having terminated, said Bliss & Carpenter surrendered and delivered up said leased premises with the machinery then there upon said premises to said defendant and his co-owners aforesaid, which is the same machinery and personal property, goods and chattels, mentioned and referred to in said plaintiff's declaration and in the schedule thereto annexed. And the defendant avers that the plaintiff has never paid, or offered to pay, to this defendant or to his co-owners aforesaid, the amount of said former appraisal, to wit, said sum of $2,792. And this the defendant is ready to verify," &c.

To this plea the plaintiff replied *precludi non*, because " subsequent to the making and execution of the lease set out in said plea, the said Bliss & Carpenter mortgaged the machinery, personal property, goods, and chattels which they had put upon said premises (and none of which is, or are included, in the schedule attached to the lease aforesaid) to the plaintiff, and a copy of said mortgage marked . . . is attached to this replication, to secure to plaintiff the payment of the sum of $12,000, which the said Bliss & Carpenter owed to and still owe to plaintiff, and that subsequent to that mortgage, and on the 11th day of August, 1876, said Bliss & Carpenter made an assignment to Royal Lee of the machinery, goods, and chattels aforesaid, a copy of which assignment is hereto

annexed and marked . . . and that prior to the commencement of this action said Royal Lee conveyed to the plaintiff all his interest in said mortgaged machinery, goods, and chattels, a copy of which bill of sale is hereto annexed and marked . . . and this it is ready to verify. Wherefore," &c.

To the replication the defendant demurred.

*June* 18, 1880. PER CURIAM. The plaintiff seeks to recover in this action, not the machinery and fixtures which passed with the demised premises to the lessees, the title to which, subject to the lease, remained in the lessors, but the machinery and other personal property acquired by the lessees and placed on the demised premises after the making of the lease, and the title to which, when acquired, was in the lessees, subject to the executory agreement for purchase and sale at an appraisal contained in the lease. The property is declared on as the goods and chattels of the plaintiff, and there is nothing in the plea to show that it has ever become fixtures by annexation to the demised premises. The only question raised by the pleadings is, whether the mere existence of the executory agreement aforesaid in the lease is a defence to the action. We think it is not. The plea does not even allege that the defendant and his co-lessors have offered, or that they are ready and willing to perform the agreement on their part; whereas, for anything that is averred, the plaintiff may be prepared to show at the trial, if necessary, that it has on its part offered to perform the agreement, and that the defendant and his co-lessors have refused. The plaintiff's replication to the special plea is, therefore, sustained, and the demurrer overruled.

*Demurrer overruled.*

*William H. Clapp,* for plaintiff.

*James Tillinghast & Frederick P. Read,* for defendant.